Filed 6/20/24  P. v. Xotoy CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B334116 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA112509-01) |
| v. | |
| SANTOS LEONEL XOTOY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Affirmed.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review this appeal of an order denying appellant's petition for resentencing brought under Penal Code[1] section 1172.6. We affirm.

## BACKGROUND

On August 23, 2019, the People charged appellant Santos Leonel Xotoy by amended information with the premeditated murder of Higinio Jimenez-Gonzalez in violation of section 187, subdivision (a). It was also alleged Xotoy personally and intentionally discharged a firearm within the meaning of section 12022.53, subdivisions (b), (c), and (d). On November 12, 2019, a jury found Xotoy guilty as charged. On December 4, 2019, he was sentenced to a term of 50 years to life in prison. (*People v. Xotoy*, (July 28, 2021, B303336) [nonpub. opn.].)

On July 17, 2023, Xotoy filed a petition for resentencing pursuant to section 1172.6. No response was filed and the trial court did not appoint counsel on his behalf. On August 3 2023, the trial court summarily denied the petition, finding, "The defendant has not filed a facially sufficient motion. The defendant's jury trial took place after the changes in the law, and was therefore convicted of murder under the penal codes that were amended on 01/01/19."

Only to provide context, we recite the facts of the events underlying the murder conviction. On May 9, 2016, Xotoy went to the victim's place of employment, summoned the victim outside the building, accused the victim of sleeping with Xotoy's ex-girlfriend, pulled a gun from his waistband, fired multiple

---

[1]     Statutory references are to the Penal Code.

2

bullets, and shot the victim to death.  (*People v. Xotoy, supra,* B303336).)

On February 21, 2024, we appointed counsel to represent Xotoy on appeal.  On April 22, 2024, counsel filed a no-issue brief pursuant to *People v. Delgadillo*.  Counsel advised us they had told appellant he may file his own supplemental brief within 30 days.  Counsel sent Xotoy transcripts of the record on appeal as well as a copy of the brief.

On April 23, 2024, this court sent Xotoy notice that a brief raising no issues had been filed on his behalf.  We advised him he had 30 days within which to submit a supplemental brief or letter stating any issues he believes we should consider.  We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On May 24, 2024, Xotoy filed a supplemental brief, in which he contends: 1) as he testified at trial, it was his ex-girlfriend who grabbed the gun and caused it to go off, so he was not the actual killer; 2) he was taunted, threatened, and humiliated to the point where his reason was obscured so he should have been convicted of only second degree murder or manslaughter; 3) he suffered from symptoms of PTSD which would have negated premeditation and malice but his counsel never had him evaluated for PTSD; and 4) the government violated the California Racial Justice Act by allowing numerous defendants in the same county of Los Angeles to plead to lesser offenses such as manslaughter whereas he, as a Latino, was never offered any such deal.  Xotoy contends he was not ineligible for relief as a matter of law and the matter should be remanded for an evidentiary hearing.

3

## DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) eliminated the natural and probable consequences doctrine as a basis of liability for murder (and later, attempted murder). It also limited the scope of the felony murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957) (*Lewis*).) Petitions for resentencing carry out the intent of Senate Bill No. 1437, which is "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis*, at p. 967.) Petitions under section 1172.6 address convictions where a defendant was not the actual killer but was held vicariously liable on one of several theories of liability identified in the statute.

*Lewis* also held that "petitioners who file a complying petition requesting counsel are to receive counsel upon the filing of a compliant petition." (*Lewis, supra*, 11 Cal.5th at p. 963.) If the trial court does not appoint counsel upon request, petitioner must show a reasonable probability that in the absence of the error he would have obtained a more favorable result. (*Id.* at p. 974.) More specifically, a petitioner whose petition is denied before an order to show cause issues has the burden of showing it is reasonably probable that if he had been afforded the assistance of counsel his petition would not have been summarily denied without an evidentiary hearing. (*Ibid.*) If the record establishes ineligibility for resentencing as a matter of law, the petition has been properly denied. (*Id.* at pp. 970–972.) However, the petition and record must establish conclusively that the defendant is ineligible for relief. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14

4

[a "petitioner is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that . . . the petitioner was the actual killer."].) (*Ibid.*) When a trial court denies a section 1172.6 petition based on the failure to make a prima facie case for relief, our review is de novo. (*Ibid.*)

After appointment of counsel, the trial court assesses whether a prima facie case for relief has been made. However, the prima facie inquiry is limited. (*Lewis, supra*, 11 Cal.5th at p. 971.) In assessing whether a defendant has made a prima facie case for relief pursuant to section 1172.6, the trial court is entitled to review the record of conviction, which includes the jury summations, jury instructions, verdict forms, and prior appellate opinions. (*Lewis*, at pp. 971–972.) However, *Lewis* cautions that although appellate opinions are generally considered to be part of the record of conviction, the prima facie bar was intentionally set very low and the probative value of an appellate opinion is case-specific; a trial court should not engage in " 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

Here, Xotoy requested appointment of counsel and the trial court erroneously denied his request and then found he had not made a prima facie case for relief. We review the trial court's decision to determine if its error was harmless under state law. (*Lewis, supra*, 11 Cal.5th at pp. 957–958.) Xotoy's contentions challenge misconduct which allegedly occurred at his trial or challenge the sufficiency of the evidence to support his conviction of murder. An appeal from a post-judgment petition for resentencing under section 1172.6 is not a vehicle to raise unrelated claims of error allegedly committed by the trial court; it

5

is not another opportunity to challenge the original judgment on other grounds.  (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [the mere filing of a section 1172.6 petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings]; *People v. Allison* (2020) 55 Cal.App.5th 449, 461 [a petition for resentencing does not provide a do-over on factual disputes that have already been resolved], disapproved on another ground in *People v. Strong* (2022) 13 Cal.5th 698, 718, fn. 3.)  Thus, section 1172.6 does not afford a retrial on every element of a conviction for murder.  Xotoy's contentions alleging trial court error do not satisfy this requirement and are properly rejected.

As a second reason, we note that Xotoy's trial occurred after the January 1, 2019, the effective date of the statute.  To make a prima facie case, Xotoy must allege facts which, if true, would demonstrate that he could not presently be convicted of murder "because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (a)(3).)  He was not convicted under the prior law, so he has already received the benefits of Senate Bill No. 1437.  (*People v. Reyes* (2023) 97 Cal.App.5th 292, 298.)  The trial court's error in not appointing counsel is harmless.

We decline to exercise our discretion to conduct an independent review of the record.  (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.)

6

**DISPOSITION**

The order denying the petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:


GRIMES, J.


WILEY, J.